NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JESSIE L. BOVE, PETITIONER, v. HIGHWOOD COAL
COMPANY, RESPONDENT.

Decided April 19, 1939.

For the petitioner, *Harold Halpern*.

For the respondent, *A. Lionel Reid*.

\* \* \* I hereby find and determine as follows: \* \* \*

2. That one Joseph E. Bove, of Teaneck, county of Bergen, and State of New Jersey, was on the 14th day of January, 1938, in the employ of the respondent, his duties being those of a (coal and oil salesman) which said employment was subject to section II, chapter 95, laws of 1911, commonly known as the "Workmen's Compensation act" and the supplements thereto and the amendments thereof.

3. That petitioner alleges that on the 13th day of August, 1938, at ten o'clock in the forenoon, the said Joseph E. Bove died as a result of the injuries suffered in an accident arising out of and in the course of his employment. This is denied by the respondent.

4. That the only dependent of the said Joseph E. Bove, deceased, is his wife, Jessie L. Bove, the petitioner herein, who was a total dependent of the said Joseph E. Bove, deceased. That the deceased's wages were $35 per week.

That the petitioner produced Dr. Mulligan, treating physician, and Dr. L. Markely, pathologist, who performed an autopsy upon the body of decedent and whose testimony supported the contention of Dr. Mulligan as to the cause of

death and likewise petitioner's doctor, Dr. Paul Kennedy, who testified with respect to the cardiagraph taken during decedent's lifetime which testimony was also helpful in sustaining the petitioner's burden of proof.

After careful consideration of all the testimony, I am of the opinion that the petitioner has sustained the burden of proof, showing the relationship between the accident and the heat prostration (stroke) of decedent. The accident weakened decedent sufficiently, and according to the testimony of Dr. Mulligan who treated the decedent from January 14th, 1938, the date of accident, to the day of his death, August 13th, 1938, lowered his vitality and predisposed him to a heat stroke which caused his death.

There was no substantial testimony offered by the respondent in opposition to petitioner's proof as to the cause of decedent's death. The respondent's medical testimony consisted among other things, of two medical experts one of whom never examined the decedent in his lifetime and the other examined the decedent but on one occasion.

Dr. Mulligan, produced by the petitioner, was the decedent's treating physician and examined the decedent on the very day of the accident, January 14th, 1938, and constantly treated said decedent up to and including the day of his death, August 13th, 1938. The treating physician was in my opinion in a better position to determine the true cause of death. The testimony of the respondent's experts was not sufficient to overcome the medical testimony and proof offered by the petitioner as to the cause of death.

Wherefore, it is on this 19th day of April, 1939, ordered that judgment be entered in favor of the petitioner, Jessie L. Bove, the wife of Joseph E. Bove, deceased, against the respondent, Highwood Coal Company.

\*      \*      \*      \*      \*      \*      \*

It is further ordered, that the respondent be credited with and permitted to deduct from the total award to the petitioner, the sum of $829.06, which was the net recovery heretofore had by a third party action.

JOHN C. WEGNER,
*Commissioner of Compensation.*